**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **PETER MARTIN BERNARD, 581959,**   ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | No. 3:06-CV-462-K |
| ) | ECF |
| **DOUGLAS DRETKE, Director**   ) | |
| **Texas Department of Criminal Justice,**   ) | |
| **Correctional Institutions Division**   ) | |
| Respondent.   ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:**  This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Douglas Dretke, Director of the TDCJ-CID.

**Statement of the Case:** Petitioner pled guilty to murder. Punishment, enhanced by one prior conviction, was assessed at thirty years confinement. His conviction and sentence were

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**

affirmed on direct appeal. *Bernard v. State*, 05-91-00600-CR (Tex. App. – Dallas, Feb. 18, 1993). Petitioner also filed two state court applications for writ of habeas corpus. The Texas Court of Criminal Appeals denied the first application without written order. *Ex parte Bernard*, No. 25,325-01 (Tex. Crim. App. Jan. 12, 1994). The Court of Criminal Appeals denied the second application as an abuse of the writ. *Ex parte Bernard*, No. 25,325-02 (Tex. Crim. App. June 18, 1997).

Petitioner filed two previous federal petitions for writ of habeas corpus. Petitioner's first federal petition was dismissed without prejudice for failure to exhaust state remedies. *Bernard v. Johnson*, No. 3:96-CV-209-X (N.D. Tex. June 18, 1996). Petitioner's second federal petition was denied on the merits. *Bernard v. Johnson*, No. 3:97-CV-1956-T (N.D. Tex. Dec. 16, 1998).

On March 2, 2006, Petitioner filed the instant petition. He argues: (1) his guilty plea was not knowingly and voluntarily entered; (2) his confession was coerced; (3) he was denied the effective assistance of counsel; and (4) his plea agreement was involuntary.

**Discussion:**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, 110 Stat. 1217, there are limited circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. An application is second or successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

The Court finds Petitioner previously raised the claim that he received ineffective assistance of counsel. *See Bernard v. Johnson*, No. 3:97-CV-1956-T (N.D. Tex. Dec. 16, 1998). Petitioner also could have raised the other claims in this petition at the time he filed his second federal petition. The petition is therefore successive within the meaning of 28 U.S.C. § 2244(b).

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of 2244(b). 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive application, the petitioner must show the application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 30th day of March, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Petitioner.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).